09-2963-cv
*Quad Enterprises Co. v. Town of Southold*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the federal appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of March, two thousand ten.

PRESENT:
>           JOHN M. WALKER, JR.,
>           DEBRA ANN LIVINGSTON,
>           GERARD E. LYNCH,
>                       *Circuit Judges*.

_____

QUAD ENTERPRISES CO., LLC, a successor in interest to Quad Enterprises Co., a partnership, CONSTANTINE KONTOKOSTA, in his capacity as a Member of Quad Enterprises Co., and JANE DOES 1-5,
>           *Plaintiffs-Appellants*,

   -v.-                                              No. 09-2963-cv

TOWN OF SOUTHOLD, TOWN BOARD OF THE TOWN OF SOUTHOLD, ZONING BOARD OF APPEALS OF THE TOWN OF SOUTHOLD and PLANNING BOARD OF THE TOWN OF SOUTHOLD,
>           *Defendants-Appellees*.

_____

>                       Nicholas Fortuna, Allyn & Fortuna LLP, New York, NY,
>                       *for* Plaintiffs-Appellants.

>                       Robert J. Hindman and Brendan T. Fitzpatrick, Ahmuty,
>                       Demers & McManus, Albertson, NY, *for* Defendants-
>                       Appellees.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiffs-Appellants Quad Enterprises Co., LLC, Constantine Kontokosta, and Jane Does 1-5 ("Plaintiffs") appeal from the July 2, 2009, judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*), granting the motion for summary judgment of Defendants-Appellees Town of Southold, Town Board of the Town of Southold, Zoning Board of Appeals of the Town of Southold, and Planning Board of the Town of Southold ("Town") and denying Plaintiffs' motion for summary judgment. Plaintiffs argue that the district court erroneously found that they had failed to make out a prima facie case of discrimination under the Fair Housing Amendments Act and Americans with Disabilities Act and failed to raise a genuine issue of material fact as to whether the Town violated the Southold Town Code. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

We review a grant of summary judgment *de novo*, construing the evidence in the light most favorable to the nonmoving party. *Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Fair Housing Amendments Act ("FHAA"), in an amendment of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, provides that it is unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap." *Id.* § 3604(f)(1). Discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped] person equal opportunity to use and enjoy a dwelling." *Id.* § 3604(f)(3)(B). The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, prohibits discrimination by public entities based on disability, providing that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Like the FHAA, the ADA requires entities to make reasonable accommodations for the disabled. *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 45 (2d Cir. 2002). Both statutes are applicable to municipal zoning decisions. *Id.* at 45-46 (citing *Forest City Daly Hous., Inc. v. Town of N. Hempstead*, 175 F.3d 144, 151 (2d Cir. 1999)). "To establish discrimination under either the FHAA or the ADA, plaintiffs have three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 573 (2d Cir. 2003).

Plaintiffs first argue that they have successfully made out a prima facie case of discrimination under the disparate impact theory. We analyze claims of disparate impact under the FHAA and ADA under a modified version of the burden-shifting analysis usually applied to employment discrimination cases under Title VII of the Civil Rights Act of 1964. *Id.* at 575; *Huntington Branch, NAACP v. Town of Huntington*, 844 F.2d 926, 934 (2d Cir. 1988); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). In order to establish a prima facie case of disparate impact, the plaintiff must provide evidence showing "(1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices." *Tsombanidis*, 352 F.3d at 575 (quoting *Reg'l Econ. Cmty. Action Program*, 294 F.3d at 52-53) (internal quotation marks omitted) (emphasis omitted). Although the plaintiff need not show discriminatory intent under this theory, it must prove that the practice "actually or predictably results in . . . discrimination." *Id.* (quoting *Hack v. President & Fellows of Yale Coll.*, 237 F.3d 81, 90 (2d Cir. 2000)) (internal quotation marks omitted) (alteration in original). Moreover, there must be a causal connection between the policy at issue and the discriminatory effect. *Id.*

In this case, Plaintiffs have identified a facially neutral policy: the zoning code of Southold and its application to requests for grants of rezoning. Specifically, Plaintiffs identify the density restrictions and building type restrictions of the zoning code and allege that these restrictions prevent them from building a multifamily development for the elderly, thus limiting the access of the handicapped to desired types of housing. Plaintiffs rely principally on evidence that the number of handicapped people in the Town of Southold is larger than the number of handicapped-accessible housing units. This evidence, however, is insufficient to show that the zoning restrictions cause disproportionate impact.

As the district court noted, density and multifamily dwelling restrictions limit only the number and building type of handicapped-accessible units that may be built, not whether Plaintiffs may build handicapped-accessible units at all. What Plaintiffs are being prevented from building, moreover, is a multifamily age-restricted development. Plaintiffs needed to show that this particular restriction causes a disproportionately adverse impact on handicapped individuals. Because the proposed housing is limited to seniors, the relevant protected population is seniors with handicaps and the appropriate, similarly situated comparison group is the non-handicapped senior community; age itself is not a protected category under the FHAA or ADA. *Id.* at 576-77 (stating that evidence of disparate impact should compare "members of a protected group that are affected by the neutral policy and . . . similarly situated persons who are unaffected"). Notwithstanding that the planned development was so designed that federal regulations would require nearly all units to be handicapped-accessible, Plaintiffs have provided neither statistical nor qualitative evidence that handicapped seniors have a proportionally greater need or preference for this type of multifamily age-restricted unit than do non-handicapped seniors. Moreover, as we noted in *Tsombanidis*, the comparison should "identif[y] the handicap and allow[] for a causal analysis between the claim of discrimination based on the handicap . . . and the facially neutral policy." *Id.* at 577.

3

Simply proffering evidence that there is a shortage of handicapped-accessible housing in the Town of Southold compared to its handicapped population does not show that the neutral policy at issue is the cause. *See Budnick v. Town of Carefree*, 518 F.3d 1109, 1119 (9th Cir. 2008) ("[T]he absence of a certain type of facility alone is not actionable; in other words, proof of a void in the community is insufficient proof of disparate impact.").

Plaintiffs also argue that they have successfully made out a prima facie case of discrimination under the theory of disparate treatment under the FHAA. "To establish a prima facie case of discrimination under the FHA[A] and the ADA, the plaintiffs must present evidence that 'animus against the protected group was a significant factor in the position taken by the municipal decision-makers themselves or by those to whom the decision-makers were knowingly responsive.'" *Reg'l Econ. Cmty. Action Program*, 294 F.3d at 49 (quoting *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 425 (2d Cir. 1995)) (emphasis omitted). Once plaintiffs make out a prima facie case, then defendants must provide a legitimate, nondiscriminatory reason for their decision. *Id.* Finally, the burden returns to plaintiffs to prove that they were intentionally discriminated against on a prohibited ground, which may occur via a substantial showing that defendants' proffered explanation was false or pretextual. *See id.* Factors that may be considered in evaluating an intentional discrimination claim include "(1) the discriminatory impact of the governmental decision; (2) the decision's historical background; (3) the specific sequence of events leading up to the challenged decision; (4) departures from the normal procedural sequences; and (5) departures from normal substantive criteria." *Tsombanidis*, 352 F.3d at 580 (internal quotation marks omitted). When those factors are weighed, taking particularly into account the lack of provable discriminatory impact of the policy, we conclude for substantially the reasons stated by the district court that Plaintiffs have not shown animus as a significant factor in the Town's application of zoning rules.

Plaintiffs also appeal the determination of the district court that they failed to make out a prima facie case of discrimination based on a failure to reasonably accommodate. "A municipality discriminates in violation of the FHA[A] [or] the ADA . . . if it refuses to make changes to 'traditional rules or practices if necessary to permit a person with handicaps an equal opportunity to use and enjoy a dwelling.'" *Reg'l Econ. Cmty. Action Program, Inc.*, 294 F.3d at 53 (quoting *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 333 (2d Cir. 1995)). In order to prove a reasonable accommodation claim under these statutes, a plaintiff must show that he will likely be denied an equal opportunity to enjoy the housing of his choice absent the accommodation. *See Tsombanidis*, 352 F.3d at 578. "A defendant must incur reasonable costs and take modest, affirmative steps to accommodate the handicapped as long as the accommodations sought do not pose an undue hardship or a substantial burden." *Id.*

In this case, Plaintiffs have failed to show that permitting them to build a multifamily age-restricted development is or may be necessary to allow handicapped seniors an equal opportunity to use and enjoy housing in the community. *See Smith & Lee Assocs., Inc. v. City of Taylor, Mich.*, 102 F.3d 781, 795 (6th Cir. 1996) ("[T]he

4

[FHAA] prohibits local governments from applying land use regulations in a manner that will exclude people with disabilities entirely from zoning neighborhoods, particularly residential neighborhoods, or that will give disabled people less opportunity to live in certain neighborhoods than people without disabilities." (quoting *Bryant Woods Inn, Inc. v. Howard County, Md.*, 911 F. Supp. 918, 946 (D. Md. 1996))).  In order to fulfill this element, Plaintiffs needed to provide evidence that "the desired accommodation will affirmatively enhance a disabled plaintiff's quality of life by ameliorating the effects of the disability." *Bronk v. Ineichen*, 54 F.3d 425, 429 (7th Cir. 1995).  As discussed above, Plaintiffs have offered no evidence that the dense multifamily aspect of its proposed development, the characteristic for which it requested accommodation, bears a relationship to the handicapped-accessible nature of its units or will ameliorate the effects of its residents' disability.  Nor have they shown that development of handicapped-accessible units is fiscally unfeasible at the lower densities required by the current zoning.  Therefore, we need not consider whether the requested accommodation is reasonable.[1]

Finally, Plaintiffs contend that Section 280-157 of the Southold Town Code obligated the Town to hold a public hearing on their petition for a zoning change and that the Town violated the Code in failing to do so. Plaintiffs read the provision to indicate that any action taken on a petition for amendment triggers the requirement of a public hearing.  The language unambiguously does not support this reading.  The provision states that the Town *may* amend the zoning code from time to time by proceeding in the given manner.  This is not a rule requiring that all decisions on amendment be made via a given procedure, but rather one that controls how a positive decision is made: for a change to be made under these requirements, the Board must first have made a written request to the Town Planning Board to get a report and then set a time and place for the requisite public hearing, with at least 10 days notice.  The Town here did not violate that order when no change was made; it requested a report and then determined that the amendment would not move forward.  In such a situation, the language of the provision does not require a public hearing.

All arguments not otherwise discussed in this summary order are found to be moot or without merit.

For the foregoing reasons, the judgment of the district court is hereby affirmed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] This Court has not yet determined which party bears the burden in proving whether the accommodation is reasonable.  However, we need not reach that issue in this appeal.

5